**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CAVALIER DISTRIBUTING | : | |
| COMPANY, INC. | : | |
| 4650 Lake Forest Dr., Suite 580 | : | Case No. |
| Blue Ash, OH 45242 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| LIME VENTURES, INC | : | |
| 3952 Industrial Way, Suite D | : | |
| Concord, CA 94520 | : | |
| | : | |
| AND | : | |
| | : | |
| BROUWERIJ 3 FONTEINEN | : | |
| Molenstraat 47 | : | |
| 1651 Lot Belgium | : | |
| | : | |
| AND | : | |
| | : | |
| DE LA SENNE | : | |
| Drève Anna Boch 19-21 | : | |
| 1000 Bruxelles | : | |
| | : | |
| AND | : | |
| | : | |
| JOHN DOE 1- 3 | : | |
| | : | |
| AND | : | |
| | : | |
| ABC ENTITIES | : | |
| | | |
| Defendants. | : | |

**VERIFIED COMPLAINT**

Plaintiff Cavalier Distributing Company, Inc. ("Cavalier") states as follows for its

Complaint against Defendants Lime Ventures, Inc. ("Lime Ventures"), Brouwerij 3 Fonteinen, De

La Senne, John Doe 1 – 3, and ABC Entities:

1

**PARTIES**

1.      Plaintiff Cavalier is organized and existing under the laws of the State of Ohio, with its headquarters in Blue Ash, Hamilton County, Ohio.

2.      Upon information and belief, Defendant Lime Ventures is a corporation with its principal place of business in California.

3.      Cavalier is an Ohio distributor of alcoholic beverages to retail permit holders in the State, pursuant to R.C. 1333.82.

4.      Cavalier possesses all of the necessary licenses and/or permits required to sell alcoholic beverages within Ohio as a wholesaler.

5.      Cavalier has franchise relationship with several manufacturers so that it can supply a wide range of alcoholic beverages to its retail customers.

6.      Defendant Brouwerij 3 Fonteinen is a European manufacturer of alcoholic beverages, who manufactures alcoholic beverages pursuant to R.C. 1333.82(B).

7.      Defendant De La Senne is a European manufacturer of alcoholic beverages, who manufactures alcoholic beverages pursuant to R.C. 1333.82(B).

8.      Defendants John Doe 1 – 3 and ABC Entities are unknown individuals and/or entities, which could not be known through reasonable diligence, who either acted in concert with Defendants, have an interest in this matter, or are other individuals and/or entities who are liable.

9.      Upon information and belief, Brouwerij 3 Fonteinen and De La Senne's United States importer was Shelton Brothers, Inc. until approximately December of 2020.

10.      Upon information and belief, Lime Ventures acquired the right to import Brouwerij 3 Fonteinen and De La Senne's beers.

2

11.     Upon information and belief, Brouwerij 3 Fonteinen and De La Senne merely changed importers into the United States, while continuing to enjoy ownership and control over their own beer brands.

12.     Thus, Lime Ventures is an agent of Brouwerij 3 Fonteinen and De La Senne for purposes of importing the Brouwerij 3 Fonteinen and De La Senne beers into Ohio.

13.     Cavalier has a franchise relationship with Brouwerij 3 Fonteinen, and has had such relationships for at least fifteen years.

14.     Cavalier has franchise relationship with De La Senne, and has had such relationship for at least fifteen years.

## JURISDICTION AND VENUE

15.     Venue is proper before this Court in the Western Division because Lime Ventures, Brouwerij 3 Fonteinen, and De La Senne are not residents of Ohio and a substantial part of the events giving rise to the claims occurred in Hamilton County, Ohio.

16.     This Court has personal jurisdiction over Lime Ventures because it has contracted with Brouwerij 3 Fonteinen and De La Senne to supply goods in the State of Ohio and has done so on a regular basis.

17.     The Court has personal jurisdiction over Brouwerij 3 Fonteinen because Brouwerij 3 Fonteinen delivers their products into the stream of commerce within the United States, with the expectation that they will be purchased by consumers in the State of Ohio.

18.     The Court has personal jurisdiction over De La Senne because De La Senne delivers their products into the stream of commerce within the United States, with the expectation that they will be purchased by consumers in the State of Ohio.

3

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the suit is between citizens of different States and the value of the object of this suit is more than $75,000.00. The value of Cavalier's franchise relationship with Brouwerij 3 Fonteinen is in excess of $75,000.00. The value of Cavalier's franchise relationship with De La Senne is in excess of $75,000.00.

## FACTS

20.     Since 1992, Cavalier has been a distributor of both alcoholic and non-alcoholic beverages to retail permit holders in Ohio.

21.     For at least fifteen years, Cavalier has enjoyed the exclusive distribution rights from Brouwerij 3 Fonteinen for distribution of Brouwerij 3 Fonteinen's products in Ohio.

22.     Thus, by operation of law, Cavalier possesses exclusive territorial rights as a wholesale distributor of certain Brouwerij 3 Fonteinen products.

23.     For at least fifteen years, Cavalier has enjoyed the exclusive distribution rights from De La Senne for distribution of De La Senne's products in Ohio.

24.     Thus, by operation of law, Cavalier possesses exclusive territorial rights as a wholesale distributor of certain De La Senne products.

25.     Cavalier is the leading distributor of beers in Ohio. The Brouwerij 3 Fonteinen and De La Senne products are highly sought-after import beers that have a unique place in the market.

26.     Additionally, Cavalier has devoted resources to marketing and advertising Brouwerij 3 Fonteinen and De La Senne in Ohio to position these products as unique, boutique brands of imported beers in the area.

4

27. Cavalier has built a clientele for Brouwerij 3 Fonteinen and De La Senne over the many years it has served as a distributor of their products.

28. The inability to sell the Brouwerij 3 Fonteinen and De La Senne products will have a serious detrimental effect on Cavalier's relationship with its customers, who will be required to purchase the Brouwerij 3 Fonteinen and De La Senne products from one of Cavalier's competitors.

29. The Ohio Alcoholic Beverages Franchise Act requires every manufacture of alcoholic beverages to contract with or to offer to its distributors a written franchise agreement.

30. However, when a distributor of beer or wine distributes a product for 90 days or more without a written contract, a franchise relationship is established between the parties by operation of law.

31. Sections 1333.82 to 1333.87 of the Revised Code apply to that franchise relationship.

32. There is no written franchise agreement between Cavalier and Brouwerij 3 Fonteinen.

33. However, Cavalier has been distributing Brouwerij 3 Fonteinen products for at least fifteen years.

34. Thus, Cavalier and Brouwerij 3 Fonteinen's franchise relationship has been established by the parties' course of conduct pursuant to R.C. 1333.83.

35. There is no written franchise agreement between Cavalier and De La Senne.

36. However, Cavalier has been distributing De La Senne products for at least fifteen years.

37.     Thus, Cavalier and De La Senne's franchise relationship has been established by the parties' course of conduct pursuant to R.C. 1333.83.

38.     Once a franchise relationship is established, a manufacturer is prohibited from canceling or failing to renew a franchise without either prior consent of the other party or "just cause." R.C. 1333.85.

39.     Ohio law specifically provides that "just cause" is not present when there has been: (a) a restructuring, other than in bankruptcy proceedings, of a manufacturer's business organization; (b) a unilateral alteration of the franchise by a manufacturer for a reason unrelated to any breach of the franchise or violation of sections 1333.82 to 1333.86 of the Revised Code by the distributor; or (c) a manufacturer's sale, assignment, or other transfer of the manufacturer's product or brand to another manufacturer over which it exercises control. R.C. 1333.85(B)(2)-(4).

40.     The only time that a manufacturer can terminate a franchise relationship without "just cause" is with the consent of the Ohio distributor or if a successor manufacturer acquires all or substantially all of the stock or assets of another manufacturer through merger or acquisition or acquires or is the assignee of a particular product or brand of alcoholic beverages from another manufacturer. R.C. 1333.85(D).

41.     Brouwerij 3 Fonteinen, by and through its importing agent Lime Ventures, improperly terminated Cavalier's distributing relationship with Brouwerij 3 Fonteinen.

42.     De La Senne, by and through its importing agent Lime Ventures, improperly terminated Cavalier's distributing relationship with De La Senne.

43.     On July 26, 2021, Cavalier received a correspondence from Lime Ventures purporting to terminate the franchise relationships between Cavalier and Brouwerij 3 Fonteinen and De La Senne. (See Exhibit A).

44.     Defendants exhibited bad faith in the purported termination of Cavalier's franchise relationships.

45.     Lime Ventures wrongfully purported to terminate Cavalier's franchise relationships because Cavalier was unwilling to sign an unfavorable Agreement that Lime Ventures sent to Cavalier.

46.     After receiving the unfavorable Agreement from Lime Ventures, Cavalier sent Lime Ventures proposed revisions to the Agreement. (See Exhibit A).

47.     Rather than continue negotiations related to the Agreement in good faith, Lime Ventures purported to terminate Cavalier's franchise relationships with the Brands. (See Exhibit A).

48.     This act reflected an admission that a relationship with the brands existed.

49.     On August 8, 2021, counsel for Cavalier sent a letter to Lime Ventures notifying them that Cavalier disputes Lime Ventures ability and attempt to terminate its franchise relationships and providing case law in support of Cavalier's position. (See Exhibit B).

50.     Cavalier informed Lime Ventures that, if it did not rescind its purported termination, Cavalier would take legal action. (See Exhibit B).

51.     On September 22, 2021, Christian Gregory, with Brouwerij 3 Fonteinen, notified Cavalier that Brouwerij 3 Fonteinen was unable to fill Cavalier's product order due to Brouwerij 3 Fonteinen's change of importer. (See Exhibit C).

52.     At that time, upon information and belief, Lime Ventures had not shipped any of the Brands' products into Ohio.

53.     Upon information and belief, in the last few weeks, Lime Ventures made its first shipment of Brouwerij 3 Fonteinen and De La Senne products into Ohio, to one of Cavalier's competitors, in violation of Cavalier's franchise relationships and exclusive territorial distribution rights.

54.     Although Counsel for Cavalier had previously provided citations to case law in support of Cavalier's position (see Exhibit B), on January 27, 2022, Michal Lucas, from Lime Ventures, threatened to file a professional conduct complaint against Counsel for Cavalier, to the Ohio Supreme Court, if Counsel for Cavalier filed a Complaint to enforce Cavalier's rights and he made profane statements. (See Exhibit D).

55.     Again, on February 14, 2022, counsel for Cavalier sent Lime Ventures, Brouwerij 3 Fonteinen, and De La Senne communications, notifying them that Cavalier would seek immediate relief to ensure Lime Ventures is stopped from irrevocably altering the position of Cavalier's franchise relationship with Brouwerij 3 Fonteinen and De La Senne. (See Exhibit E).

56.     On February 14, 2022, counsel for Cavalier spoke with Mr. Lucas, from Lime Ventures.

57.     Counsel communicated to Mr. Lucas that Brouwerij 3 Fonteinen and De La Senne have merely changed importers into the United States, while continuing to enjoy ownership and control over their own beer brands.

58.     During the conversation, counsel for Cavalier further advised Mr. Lucas that, because Brouwerij 3 Fonteinen and De La Senne continue to own and control their own beer

brands, termination of Cavalier's franchise relationships was only permitted with just cause or with consent of the distributor, neither of which are applicable here.

59.     Again, Counsel for Cavalier advised Mr. Lucas of the US District Court for the Southern District of Ohio case, *Hill Distrib. Co. v. St. Killian Importing Co.*, No. 2:11-CV-706, 2011 U.S. Dist. LEXIS 100545 (S.D. Ohio Sep. 7, 2011), which provides support for Cavalier's position that Lime Ventures has wrongfully terminated Cavalier's franchise relationships.

60.     On February 16, 2022, Counsel for Cavalier received a correspondence from counsel for Brouwerij 3 Fonteinen, Attorney Ryan Donovan, threatening that any lawsuit brought against Brouwerij 3 Fonteinen would be deemed in bad faith and dealt with as frivolous.

61.     Counsel for Cavalier subsequently sent Attorney Donovan the US District Court for the Southern District of Ohio case, *Hill Distrib. Co. v. St. Killian Importing Co.*, No. 2:11-CV-706, 2011 U.S. Dist. LEXIS 100545 (S.D. Ohio Sep. 7, 2011), which provides support for Cavalier's position that Cavalier's franchise relationship was wrongfully terminated.

62.     An actual controversy exists as to whether Lime Ventures has the legal right to terminate Cavalier's franchise relationship with Brouwerij 3 Fonteinen and De La Senne, and whether Cavalier's franchise relationship with Brouwerij 3 Fonteinen and De La Senne was wrongfully terminated pursuant to the Ohio Alcoholic Beverages Franchise Act.

63.     If the attempted wrongful termination is not enjoined, it will detrimentally effect Cavalier's substantial goodwill in the import beer market.

64.     Cavalier cannot achieve the same market penetration without the Brouwerij 3 Fonteinen and De La Senne products.

65.     Not only will Cavalier's goodwill be harmed, but there is a strong possibility that sales of non- Brouwerij 3 Fonteinen and De La Senne products offered by Cavalier will also be lost as customers look to Cavalier's competitors, not only to satisfy their needs for the Brouwerij 3 Fonteinen and De La Senne products, but also their other beer needs.

66.     Thus, the loss of Brouwerij 3 Fonteinen and De La Senne may have a spill-over effect on Cavalier's sales of other beer brands.

67.     There is also a significant risk of confusion in the marketplace if a new wholesaler goes to Cavalier's customers and claims to be the supplier for Brouwerij 3 Fonteinen and De La Senne.

68.     Because of the statutory restrictions on when a franchise agreement with an Ohio wholesale distributor can be terminated, it is highly unlikely that Cavalier will be able to replace Brouwerij 3 Fonteinen and De La Senne in its portfolio.

69.     Thus, the loss of Brouwerij 3 Fonteinen and De La Senne could have a serious and unknown detrimental effect on the long-term viability of Cavalier.

## COUNT ONE: DECLARATORY JUDGMENT

70.     Cavalier incorporates the above paragraphs as if fully set forth herein.

71.     Cavalier is entitled to a judgment declaring that Defendants' actions violate R.C. 1333.85 because: (1) Cavalier does not consent to the termination of its franchise relationships with Brouwerij 3 Fonteinen and De La Senne, (2) there is no just cause for termination, and (3) Brouwerij 3 Fonteinen and De La Senne continue to manufacture their own beers and Lime Ventures is not a successor manufacturer of Brouwerij 3 Fonteinen and De La Senne as contemplated by Ohio law. R.C. 1333.85(B)(2) and (4), R.C. 1333.85(D).

72.     Here, Ohio law does not permit termination of Cavalier's franchise relationships with Brouwerij 3 Fonteinen and De La Senne.

73.     Cavalier is further entitled to a declaration that Cavalier's franchise relationships with Brouwerij 3 Fonteinen and De La Senne have been wrongfully terminated.

## COUNT TWO: INJUNCTIVE RELIEF

74.     Cavalier incorporates the above paragraphs as if fully set forth herein.

75.     Despite Cavalier's at least fifteen-year relationship with Brouwerij 3 Fonteinen, Lime Ventures, acting as an agent of Brouwerij 3 Fonteinen, has improperly attempted to terminate their franchise relationship.

76.     There has been no cause or other basis to terminate Cavalier's franchise relationship with Brouwerij 3 Fonteinen.

77.     Despite Cavalier's at least fifteen-year relationship with De La Senne, Lime Ventures, acting as an agent of De La Senne, has improperly attempted to terminate their franchise relationship.

78.     There has been no cause or other basis to terminate Cavalier's franchise relationship with De La Senne.

79.     Cavalier is in a highly competitive market and the loss of Brouwerij 3 Fonteinen and De La Senne will cause injury to Cavalier that cannot reasonably be measured by money damages.

80.     Cavalier will suffer immediate and irreparable injury unless the Court acts to maintain the status quo between the parties.

81.     Cavalier has no adequate remedy at law.

82.     Cavalier cannot be fully compensated by money damages.

11

83.     Defendants must be preliminarily and permanently enjoined from terminating Cavalier as a wholesaler of Brouwerij 3 Fonteinen's beers or from taking any action inconsistent with Cavalier being a wholesale distributor for Brouwerij 3 Fonteinen's beers.

84.     Defendants must be preliminarily and permanently enjoined from terminating Cavalier as a wholesaler of De La Senne's beers or from taking any action inconsistent with Cavalier being a wholesale distributor for De La Senne's beers.

## COUNT THREE: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

85.     Cavalier incorporates the above paragraphs as if fully set forth herein.

86.     By virtue of their franchise relationship under Ohio law, a business relationship exists between Cavalier and Brouwerij 3 Fonteinen.

87.     By virtue of their franchise relationship under Ohio law, a business relationship exists between Cavalier and De La Senne.

88.     At all times relevant, Lime Ventures had knowledge of Cavalier's business relationship with Brouwerij 3 Fonteinen.

89.     At all times relevant, Lime Ventures had knowledge of Cavalier's business relationship with De La Senne.

90.     Lime Ventures intentionally interfered in Cavalier's business relationship with Brouwerij 3 Fonteinen by refusing to ship Brouwerij 3 Fonteinen products to Cavalier.

91.     Lime Ventures intentionally interfered in Cavalier's business relationship with De La Senne by refusing to ship De La Senne products to Cavalier.

92.     Lime Ventures acted in bad faith and intentionally interfered with Cavalier's business relationships because Cavalier declined to sign an unfavorable Agreement with Lime Ventures.

93.     Lime Ventures' intentional interference caused the termination of Cavalier's franchise relationship with Brouwerij 3 Fonteinen.

94.     Lime Ventures' intentional interference caused the termination of Cavalier's franchise relationship with De La Senne.

95.     As a result of Lime Ventures' intentional interference, Cavalier sustained damages in lost profits.

**WHEREFORE**, Cavalier asks the Court for the following relief:

1.   A declaration that Defendants' actions violate R.C. 1333.85 and that Cavalier's franchise relationship with Brouwerij 3 Fonteinen has been wrongfully terminated;

2.   A declaration that Defendants' actions violate R.C. 1333.85 and that Cavalier's franchise relationship with De La Senne has been wrongfully terminated;

3.   A temporary restraining order, and a preliminary and permanent injunction prohibiting termination of Cavalier's franchise agreement with Brouwerij 3 Fonteinen, prohibiting termination of Cavalier as a wholesaler of Brouwerij 3 Fonteinen's beer, and prohibiting any action inconsistent with Cavalier being a wholesale distributor for the Brouwerij 3 Fonteinen beers;

4.   A temporary restraining order, and a preliminary and permanent injunction prohibiting termination of Cavalier's franchise agreement with De La Senne, prohibiting termination of Cavalier as a wholesaler of De La Senne's beer, and prohibiting any action inconsistent with Cavalier being a wholesale distributor for the De La Senne's beers;

5.   An Order finding that Lime Ventures intentionally interfered in Cavalier's business relationship with Brouwerij 3 Fonteinen, and that Lime Ventures is liable for the damages caused to Cavalier as a result of its intentional interference.

6. An Order finding that Lime Ventures intentionally interfered in Cavalier's business relationship with De La Senne, and that Lime Ventures is liable for the damages cause to Cavalier as a result of its intentional interference.

7. Such other relief to which Cavalier is entitled

Respectfully submitted,

*/s/ Mary Kraft*
Patrick Kasson (0055570)
Mary Kraft (0099823)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 232-2414; FAX: (614) 232-2410
mkraft@reminger.com
*Attorneys for Plaintiff*

## VERIFICATION

I declare under penalty of perjury under the laws of the State of Ohio and the United States of America that I have read the foregoing Complaint, know the contents thereof, and believe them to be true and correct.

DATED at Columbus, Ohio this 1st day of March, 2022.

Ben Eberly
Vice President
Cavalier Distributing Company, Inc.

15

# EXHIBIT A

On Mon, Jul 26, 2021 at 1:15 PM Aaron Spoores <aaron.spoores@cavbeer.com> wrote:

All,

Just received the red lined version of the proposed contract with changes we would like to see made.  I have looped in VP of Sales for the Cavalier Distributing network here too. Please let me know if you have any questions.

Best,

**Exhibit A**

On Mon, Jul 26, 2021 at 7:28 PM Michael Lucas <mlucas@lvbev.com> wrote:

Dear Aaron,

We're going to rethink our options in Ohio, but thanks for your time.

Yours truly,

Michael Lucas
Lime Ventures

On Tue, Jul 27, 2021 at 5:41 AM Ben Eberly <ben.eberly@cavbeer.com> wrote:

Good Morning Michael,

I took Drie Fonteinen off of this thread as I do not see the need for an external party in this discussion moving forward. Let's get on a call to discuss the contract and a path forward between Cavalier & Lime Ventures. Please let us know a few day/time options that work for you.

I believe Aaron has already mentioned this, and I will reiterate here as well: Cavalier has been selling these brands for roughly 20 years, and our franchise relationships are with the manufacturers themselves, not the importer of the brands. Shelton's bankruptcy has no relevance to our franchise rights.

Looking forward to speaking with you.

Ben

Dear Ben,

I'll respect your wish, though if  your franchise relationships are with the foreign breweries and not the importer, I see no reason to  exclude any of them from  the discussion.

Please forward your agreements with the breweries, as well as  your sales records for their brands.

Is there a reason that none of the breweries  or their brands are listed on your website after  roughly 20 years?

Yours truly,

Michael Lucas
Lime Ventures

On Tue, Jul 27, 2021 at 8:19 AM Ben Eberly <ben.eberly@cavbeer.com> wrote:

Michael,

Let's get on a call to discuss. I'm available any time before 3:00pm eastern and after 4:00pm eastern today, and have wide open availability tomorrow. Please let us know what works for you.

Ben

On Tue, Jul 27, 2021 at 12:23 PM Michael Lucas <mlucas@lvbev.com> wrote:

Dear Ben,

Not to be rude, I'm afraid there's not really anything to discuss here. I've found it's simply not good business to work with someone who's attempted to buffalo me from the get-go.

As for your legal standing, according to the Ohio Division of Control none of the brands in question have the foreign breweries registered as your supplier; Shelton Brothers is the designated manufacturer/supplier. Subsection (a) (1)  of Chapter 1333 (A) (1) of Ohio's Title 13 clearly applies.

Frankly, I'm not sure why you even want these brands, as they've clearly been a negligent (as well as neglected) part of your portfolio. I  doin't know if there are some unregistered brands that you purchased from Shelton Brothers and have been reselling, but the only brands possibly in question for which you are registered as a distributor are:

8 Wired The Big  Smoke
Bad Elf
Criminally Bad Elf
De  Ranke Saison de  Dottignies
Insanely Bad Elf
Kapuziner Bavarian Hefe-Weizen
Kapuziner Schwarz-Weizen
Lump of Coal
Monchshof  Kellerbrau
Nognc O #100
Nogne O Brown Ale
Nogne O Pale Ale
Nogne O Porter
Nogne O Winter Ale
O *(sic)* India Pale Ale
O *(sic)* Saison
O *(sic)* Peculiar Ale Norwegian Ale
Ridgeway Bitter Bottle Conditioned
Ridgeway IPA Bottle-Conditioned
Ridgeway Brewing Reindeer's Revolt Christmas Ale
Santas *(sic)* Butt Winter Porter
Seriously Bad Elf
Very Bad Elf
Warm Welcome

Yours truly,

Michael Lucas
Lime Ventures

On Tue, Jul 27, 2021 at 1:33 PM Ben Eberly <ben.eberly@cavbeer.com> wrote:

Michael,

It's very clear that you are taking this position as a result of us not signing the unfavorable distribution agreement you sent us to review. If anyone is being buffaloed here it is Cavalier Distributing.

Shutting down the contract discussion without any attempt at negotiating a fair and equitable new agreement and bringing irrelevant information into the discussion after the fact are clear examples of bad faith actions on your part, which are prohibited by Ohio law.

Our preference would be to negotiate a mutually agreed-upon distribution agreement with you and continue servicing the market with the brands to which we hold the franchise rights. We have spent many years building these brands in our market when there was available inventory. It appears your preference is to resolve this matter in court, which we are prepared to do, and as such I have included our legal counsel on this email.

Regards,

# EXHIBIT B

**Exhibit B**



Acacia B. Perko, Esq.
Direct: 614-232-2628
Email: aperko@reminger.com

September 8, 2021

**VIA ELECTRONIC TRANSMISSION**

Mr. Michael Lucas                                                    (mlucas@lvbev.com)
Lime Ventures

      Re:    Cavalier/Lime Ventures

Dear Mr. Lucas:

I've reviewed your emails of August 9 and August 19, 2021. You continue, without justification, to interfere with Cavalier's franchise relationship with the manufacturers of the brands in question. If you have authority for your position and continued actions, please provide.

As before advised, Cavalier has a de-facto franchise relationship with those manufacturers under R.C. §1333.83. Cavalier has distributed the brands in question for decades. Nothing in Ohio Revised Code Sections §1333.82-.87 changes that.

Ohio law supports our position. *See e.g., InBev USA LLC v. Hill Distributing Corp.*, S.D. Ohio No. 2:05-cv-00298, 2006 U.S. Dist. LEXIS 97423 at *18-19 (April 3, 2006); *Hill Distrib. Co. v. St. Killian Importing Co.,* S.D. Ohio No. 2:11-CV-706, 2011 U.S. Dist. LEXIS 100545, at *7 (Sep. 7, 2011). In both of those cases, the situations were similar to here: a manufacturer/brewer obtained a new importer, which then attempted to terminate a franchise agreement. And, in both instances, the Court blocked the new importer's attempts.

In *InBev*, defendant-distributors sought to enjoin a new importer from terminating their relationships with certain brands of beer, following the new importer's merger with the manufacturers. The new importer, InBev USA, contended it was a successor manufacturer and entitled to terminate the franchise agreement with the defendant distributors under R.C. §1333.85(D). *InBev*, 2006 U.S. Dist. LEXIS 97423, at *10. The Court disagreed and held that any termination by InBev USA would violate the Franchise Act, and enjoined its actions. *Id.*, at *25. *InBev* also established a rule that an entity can only qualify as a successor manufacturer under subsection (D) if one of the situations in subsection B <u>does not</u> apply. The *InBev* Court followed the general rule in *Beverage Distributors Inc. v. Miller Brewing Company*, 803 F.Supp2d 765, 2011 US Dist. LEXIS 30583, 2011 WL 1113282 (S.D. Ohio 2011). There, the Court determined that two beer companies which merged could not terminate franchise agreements under subsection D because the same brewers continued to exercise control over the brands at issue. In sum, the *InBev* Court determined that the merger was a reorganization of InBev of Belgium's United States operations. *Id.*, at *18. Under the plain language of R.C. §1333.85(B), reorganization does not constitute just cause for termination of a franchise. R.C. §1333.85(B)(2); *InBev*, 2006 US Dist. LEXIS 97423, at *19.

In *St. Killian*, the new importer of the brands in question, St. Killian, argued that it was a successor manufacturer and entitled to terminate the franchise agreement under R.C. §1333.85(D). St. Killian relied on R.C. 1333.82(B) for the definition of "manufacturer" and argued that because it acquired the rights to distribute the Brands from the previous importer, it was a successor manufacturer. *St. Killian*, 2011 US Dist. LEXIS 100545, *3-7. The Court disagreed and held that the brands at issue never changed hands and remained under the ownership and control of the manufacturer Carlsberg. Rather than recognize the new importer as a "successor manufacturer", the Court determined that the change of importer is a business rearrangement and restructuring under R.C.1333.85(B)(2). *St. Killian*, 2011 US Dist. LEXIS 100545, *7-11. Such a situation never constitutes just cause for terminating a franchise relationship. *Id.*

Here, Lime Ventures is a new importer of the brands with which Cavalier has long maintained a franchise relationship. Like the new importers in *St. Killians* and *InBev*, it is not permitted to interfere with that relationship. To be clear, Cavalier's franchise relationship is not with Shelton Bros., and is not with Lime Ventures. Rather, Cavalier's franchise relationship runs with the manufacturers. Historically, Cavalier has continued its franchise relationship with other manufacturers, notwithstanding changes of importers. For example, Stiegl Brewery, previously imported by Louis Glunz, but moved to Global Beer Network. The distribution rights remained with Cavalier. Schneider Brewery, previously imported by B United International, but moved to Global Beer Network. The distribution rights remained with Cavalier. Tucher Brewery, previously imported by Binding, but moved to Wetten Imports. The distribution rights remained with Cavalier. Brewery Huyghe (Delirium), previously imported by Wetten Imports, but moved to Better Brands Limited. The distribution rights remained with Cavalier. Again, Cavalier would like to work with Lime Ventures cooperatively with regard to its existing franchise relationships with the manufacturers. However, if Lime Ventures refuses to move forward in good faith regarding these brands, Cavalier is prepared to pursue its remedies to the fullest extent of the law.

If you are represented by counsel, please forward this and prior correspondence from our office to your attorney.

Very truly yours,

**REMINGER CO., L.P.A.**

*/s/ Acacia B. Perko*

Acacia B. Perko

ABP:vkw


Cc: Ben Eberly, ben.eberly@cavbeer.com

# EXHIBIT C

From: **US Sales | Brouwerij 3 Fonteinen** <us@3fonteinen.be>
Date: Wed, Sep 22, 2021 at 11:46 AM
Subject: RE: Cavalier Ohio Initial Order
To: Ian Sroufe <ian.sroufe@cavbeer.com>, Mic[...]gr[...]lk[...]
Cc: Aaron Spoores <aaron.spoores@cavbeer.com>, Ben Eberly <ben.eberly@cavbeer.com>, Karla Romer <karla.romer@cavbeer.com>, Jordan DeFrank <jordan@lvbev.com>, Marie Davenport <marie@lvbev.com>, Rebecca Weatherwax <rebecca.balke@cavbeer.com>, Vicky K. Wolf <VWolf@reminger.com>, Acacia Brush Perko <APerko@reminger.com>

Hi everyone,

I'm not sure if this is for only our beer or if it's a bigger order, but in the end we had to make some changes to the shipment and we won't be able to get these cases to you.

Sorry for the trouble,

Christian



**Christian Gregory**
US business development

us@3fonteinen.be

+1 413 230 1306

**Brouwerij 3 Fonteinen**

Molenstraat 47, B-1651 Lot

www.3fonteinen.be

+32 2 306 71 03

**Exhibit C**

# EXHIBIT D

**Exhibit D**

**From:** Michael Lucas <mlucas@lvbev.com>
**Sent:** Thursday, January 27, 2022 3:47:44 PM
**To:** Acacia Perko <APerko@reminger.com>; <i.barga@kwgd.com>; <p.cavanagh@kwgd.com>; <d.meyer@kwgd.com>; <i.kolman@kwgd.com>
**Subject:** Professional Conduct Issue

According to the Ohio Rules of Professional Conduct Rule 4.1 (Truthfulness in Statements to Others):

"In the course of representing a client a lawyer shall not knowingly do either of the following:

 (a)  make a false statement of material fact or law to a third person;

 (b)  fail to disclose a material fact when disclosure is necessary to avoid assisting an illegal or fraudulent act by a client."

Do you wish to stand by your claims that:

1. Cavalier has franchise relationships with foreign brewers and that Lime Ventures is obligated to supply the beers brewed by those brewers;

2. Shelton Brothers was not the manufacturer (as per Ohio's definition) of the brands that it was supplying to Cavalier;

3. Cavalier's franchise rights for brands that Shelton Brothers once supplied to them were canceled by Shelton Brothers' bankruptcy, as per  Section 1333.85 (A) (1) of the Ohio Revised Code?

The fact that none of the threatened legal action has been forthcoming rather indicates that you were well aware of the falsity of these statements.

Although it's unusual, there are provisions for making complaints of violations of the Rules of Professional Conduct to the Ohio Supreme Court, which I certainly intend to do, failing a recantation on your part. I rather doubt that this will entail serious consequences, but it should be made a matter of record.

Yours truly,

Michael Lucas
Lime Ventures

# EXHIBIT E

**Exhibit E**



Mary E. Kraft, Esq.
Direct Dial 614-232-2414
E-mail: mkraft@reminger.com

February 11, 2022

**Michael Lucas**
**Lime Ventures**
3951 Industrial Way, Suite D
Concord, CA 94520
*Email: mlucas@lvbev.com*

      RE:    **Cavalier / Lime Ventures**

Dear Mr. Lucas:

      My name is Mary Kraft and I represent Cavalier Distributing Holdings, LLC. This letter serves as notice that Cavalier will be filing a Complaint and a Motion for Temporary Restraining Order and Preliminary Injunction to enjoin Lime Ventures, Brouwerij 3 Fonteinen, and De La Senne from terminating Cavalier's franchise relationships and terminating Cavalier as a wholesaler of Brouwerij 3 Fonteinen and De La Senne products.

      On approximately July 27, 2021, Cavalier received a communication from Lime Ventures purporting to terminate Cavalier's long-term franchise relationships. As you know, R.C. 1333.85 only permits termination of a wholesale franchise relationship under three circumstances: (1) just cause, (2) with the consent of the distributor, or (3) when there is a change in the control of the beer brands. None of those circumstances are present here. Rather, Brouwerij 3 Fonteinen and De La Senne have merely changed importers, while continuing to enjoy ownership and control of their own beer brands.

      Cavalier previously attempted to reason with Lime Ventures, and expressed that Lime Ventures' purported termination of Cavalier's franchise relationships was in contravene to Ohio law. However, those communications proved unsuccessful. Cavalier recently learned that Lime Ventures has shipped Brouwerij 3 Fonteinen and De La Senne products into Ohio to one of Cavalier's competitors, in violation of Cavalier's exclusive distribution rights in Ohio. Therefore, Cavalier will be seeking immediate relief to ensure Lime Ventures is stopped from imminently and irrevocably altering the position of Cavalier's franchise relationship with Brouwerij 3 Fonteinen and De La Senne.

      We expect to hear from you regarding this matter by **Wednesday, February 16, 2022**, or we will proceed with filing suit.

      If you are represented by counsel, please forward this communication to your attorney.

**REMINGER**
101 W Prospect Ave • Ste 1400 • Cleveland, OH 44115 • T: 216.687.1311 • F: 216.687.1841 • www.reminger.com

CLEVELAND / COLUMBUS / CINCINNATI / AKRON / SANDUSKY / TOLEDO / YOUNGSTOWN / FT MITCHELL
LEXINGTON / LOUISVILLE / INDIANAPOLIS / FT WAYNE / NW INDIANA / EVANSVILLE

Page 2

Very truly yours,

**REMINGER CO., L.P.A.**

*Mary E. Kraft*

Mary E. Kraft, Esq.

SLL:MEK

cc:     Pat Kasson, Esq.



Mary E. Kraft, Esq.
Direct Dial 614-232-2414
E-mail: mkraft@reminger.com

February 11, 2022

**Christian Gregory**
**Brouwerij 3 Fonteinen**
Molenstraat 47
1651 Lot Belgium
*Email: us@3fonteinen.be*

RE: **Cavalier / Lime Ventures and Brouwerij 3 Fonteinen**

Dear Mr. Gregory:

My name is Mary Kraft and I represent Cavalier Distributing Holdings, LLC. This letter serves as notice that Cavalier will be filing a Complaint and a Motion for Temporary Restraining Order and Preliminary Injunction to enjoin Lime Ventures and Brouwerij 3 Fonteinen from terminating Cavalier's franchise relationship and terminating Cavalier as a wholesaler of Brouwerij 3 Fonteinen products.

On approximately July 27, 2021, Cavalier received a communication from Lime Ventures purporting to terminate Cavalier's long-term franchise relationships. As you know, R.C. 1333.85 only permits termination of a wholesale franchise relationship under three circumstances: (1) just cause, (2) with the consent of the distributor, or (3) when there is a change in the control of the beer brands. None of those circumstances are present here. Rather, Brouwerij 3 Fonteinen has merely changed importers, while continuing to enjoy ownership and control of its own beer brands.

Cavalier previously attempted to reason with Lime Ventures, and expressed that Lime Ventures' purported termination of Cavalier's franchise relationship was in contravene to Ohio law. However, those communications proved unsuccessful. Cavalier recently learned that Lime Ventures has shipped Brouwerij 3 Fonteinen products into Ohio to one of Cavalier's competitors, in violation of Cavalier's exclusive distribution rights in Ohio. Therefore, Cavalier will be seeking immediate relief to ensure Lime Ventures is stopped from imminently and irrevocably altering the position of Cavalier's franchise relationship with Brouwerij 3 Fonteinen.

We expect to hear from you regarding this matter by **Wednesday, February 16, 2022**, or we will proceed with filing suit.

If you are represented by counsel, please forward this communication to your attorney.

**REMINGER**
101 W Prospect Ave • Ste 1400 • Cleveland, OH 44115 • T: 216.687.1311 • F: 216.687.1841 • www.reminger.com

CLEVELAND / COLUMBUS / CINCINNATI / AKRON / SANDUSKY / TOLEDO / YOUNGSTOWN / FT MITCHELL
LEXINGTON / LOUISVILLE / INDIANAPOLIS / FT WAYNE / NW INDIANA / EVANSVILLE

Page 2

Very truly yours,

**REMINGER CO., L.P.A.**

*Mary E. Kraft*

Mary E. Kraft, Esq.

SLL:MEK

cc:    Pat Kasson, Esq.



Mary E. Kraft, Esq.
Direct Dial 614-232-2414
E-mail: mkraft@reminger.com

February 11, 2022

**De La Senne**
Drève Anna Boch 19-21
1000 Bruxelles
*Email: info(at)brasseriedelasenne.be*

      RE:    **Cavalier / Lime Ventures and De La Senne**

Dear De La Senne:

      My name is Mary Kraft and I represent Cavalier Distributing Holdings, LLC. This letter serves as notice that Cavalier will be filing a Complaint and a Motion for Temporary Restraining Order and Preliminary Injunction to enjoin Lime Ventures and De La Senne from terminating Cavalier's franchise relationship and terminating Cavalier as a wholesaler of De La Senne products.

      On approximately July 27, 2021, Cavalier received a communication from Lime Ventures purporting to terminate Cavalier's long-term franchise relationships. As you know, R.C. 1333.85 only permits termination of a wholesale franchise relationship under three circumstances: (1) just cause, (2) with the consent of the distributor, or (3) when there is a change in the control of the beer brands. None of those circumstances are present here. Rather, De La Senne has merely changed importers, while continuing to enjoy ownership and control of its own beer brands.

      Cavalier previously attempted to reason with Lime Ventures, and expressed that Lime Ventures' purported termination of Cavalier's franchise relationships was in contravene to Ohio law. However, those communications proved unsuccessful. Cavalier recently learned that Lime Ventures has shipped De La Senne products into Ohio to one of Cavalier's competitors, in violation of Cavalier's exclusive distribution rights in Ohio. Therefore, Cavalier will be seeking immediate relief to ensure Lime Ventures is stopped from imminently and irrevocably altering the position of Cavalier's franchise relationship with De La Senne.

      We expect to hear from you regarding this matter by **Wednesday, February 16, 2022**, or we will proceed with filing suit.

      If you are represented by counsel, please forward this communication to your attorney.

**REMINGER**
101 W Prospect Ave • Ste 1400 • Cleveland, OH 44115 • T: 216.687.1311 • F: 216.687.1841 • www.reminger.com

CLEVELAND / COLUMBUS / CINCINNATI / AKRON / SANDUSKY / TOLEDO / YOUNGSTOWN / FT MITCHELL
LEXINGTON / LOUISVILLE / INDIANAPOLIS / FT WAYNE / NW INDIANA / EVANSVILLE

Page 2

                                        Very truly yours,

                                        **REMINGER CO., L.P.A.**

                                        *Mary E. Kraft*

                                        Mary E. Kraft, Esq.

SLL:MEK

cc:      Pat Kasson, Esq.